H. M. Clements and Matilda C. Clements, his Wife, in right of said Wife, v. Philadelphia Company, Appellant.

*Pipe line—Removal of pipe—Easement—Eminent domain—Act of May 29, 1885.*

A pipe line company engaged in the production and transportation of natural gas, which has buried its pipe under the provisions of the Act of May 29, 1885, P. L. 29, is under no obligation to let it remain indefinitely, but it has a right to abandon the easement which is acquired under the right of eminent domain and remove the pipe when its interests require it.

*Pipe line—Removal of pipe—Measure of damages—Act of May 29, 1885.*

Where a pipe line company removes pipe which it has buried under the land of another, by proceedings under the Act of May 29, 1885, P. L. 29, it is the duty of the company to remove the pipes at the time and in the manner least harmful to the landowner; to fill the trench so as substantially to restore the surface of the land, and to make compensation for any actual injury to growing grain or grass, and for any substantial injury to the turf, beyond the mere opening and filling of the trench in which the pipe lay.

The measure of the plaintiff's damage is, therefore, the amount of injury done him not strictly necessary to the prudent and careful removal of the pipes.

Argued Oct. 25, 1897. Appeal, No. 44, Oct. T., 1897, by defendant, from decree of Superior Court, April T., 1896, No. 76, affirming judgment of C. P. No. 2, Allegheny County, Jan. Term, 1894, No. 567, on verdict for plaintiffs. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Appeal from Superior Court.

Trespass for damages alleged to have been caused to plaintiffs' property by the defendant in the removal of its pipe.

The facts appear by the report of the case in 3 Pa. Superior Ct. 14.

*Error assigned* among others was in not reversing the judgment of the court of common pleas.

*George B. Gordon,* with him *John Dalzell* and *William Scott,* for appellant.—The court below was probably confused between the requirements of an appropriation for a railroad and those for a natural gas line. The requirements of the acts of assembly, however, are essentially different, and also the respective rights of the parties after the appropriation: Ry. Co. v. Peet, 152 Pa. 488; Penna. Schuylkill Val. R. R. v. Paper Mills, 30 W. N. C. 148; Phila. & Read. R. R. v. Hummell, 44 Pa. 375; Junc. R. R. v. Phila. 88 Pa. 424.

It is perfectly clear that the legislature never conferred upon natural gas companies the right to exclusive possession of any part of the landowner's estate except the few inches actually occupied by the pipe, and that the estate appropriated, instead of being a base fee, such as a railroad company or canal company takes, or a fee simple, such as the commonwealth takes, was simply and purely an easement for the purpose of laying down, maintaining, repairing, renewing and removing a pipe, and nothing else: Pomfret v. Ricroft, 1 Saund. 321; Richard Liford's case, 11 Coke's Rep. 46; Goddard on Easements, p. 390; Washburn on Easements, Ch. 6, p. *565; Wagner v. Cleveland & Toledo R. R., 22 Ohio, 563.

Improvements placed upon the land in furtherance of a public use are, as between the owner and the corporation, like trade fixtures, and may be removed: Randolph on Eminent Domain, sec. 221; Lewis on Eminent Domain, sec. 598; Northern Cent. Ry. v. Canton Co., 30 Md. 347; Justice v. Nesquehoning Val. R. R., 87 Pa. 28; R. R. v. Bruce, 102 Pa. 23; Meigs's App., 62 Pa. 28.

*J. P. Hunter,* for appellees.—The bond having been approved, the title of the owner was divested and the easement of the

company was lawfully acquired and fixed: Fries v. Southern etc., Co., 85 Pa. 74; Elliott on Railroads, sec. 998, p. 1447; Northern Central R. R. v. Canton Co., 30 Md. 352.

The right to remove the pipe is not acquired by appropriation under the natural gas act, but, on the contrary, a perpetual right is contemplated, and the right of removal arises on the ceasing of the easement to maintain the pipes.

The jurors are to consider the matter just as if they were called on to value the injury at the moment when compensation could first be demanded. So also, on the other hand, the disadvantage must be actual, not speculative; they must be such as substantially affect the present market value of the land. Merely speculative damages will not be allowed: Ry. Co. v. McCloskey, 110 Pa. 442; Schuylkill Nav. Co. v. Thoburn, 7 S. & R. 411; Wallace v. Gas Co., 147 Pa. 206; Searle v. R. R., 33 Pa. 57; Fisher v. Baden Gas Co., 138 Pa. 302; McGregor v. Gas Co., 139 Pa. 230; Davis v. Gas Co., 147 Pa. 137; Denniston v. Phila. Co., 161 Pa. 44; McGregor v. Gas Co., 139 Pa. 230.

The right to remove the line of pipe, not being included in the original taking, and compensation not having been made therefor, under the constitutional provision relating to damages for the taking, injury and destruction of property, the injuries consequent on such removal cannot be estimated as a part of such original appropriations.

OPINION BY MR. JUSTICE WILLIAMS, January 3, 1898:

This case presents a somewhat novel question. The defendant company is engaged in the production and transportation of natural gas. In 1888 it acquired, by proceedings under the act of May 29, 1885, the right to lay its line of pipe by means of which its gas was transported to consumers, in and upon the lands of the plaintiffs, and damages were duly assessed and paid to them for the injury sustained by reason of the appropriation of the easement to the uses of the company. In 1893 the wells supplying this pipe line ceased to produce natural gas in marketable quantity, and the line became useless. It was abandoned as a line of transportation, and the pipe composing it became useless where it was, and was taken up and removed.

It had been buried as "the law required" not less than two feet below the surface, and its removal required the opening of

the trench in which it had been placed, the lifting of the pipes to the surface and the hauling of them away upon wagons. This was done in March, 1893, and this action was thereupon brought to recover the damages sustained by the plaintiffs in consequence of the abandonment and removal of the line from their lands. The question thus raised is over the measure of damages to which the plaintiffs are entitled. This must depend on the consideration of two preliminary questions : first, what was the character and extent of the easement acquired by the defendant under the proceedings had under the act of May 29, 1885 ? This is a question of law. The other is to what extent, if at all, the defendant has exceeded the limits of his right under the easement so acquired. This is a question of fact.

The act of 1885 confers the right of eminent domain " for the laying of pipe lines for the transportation and distribution of natural gas," to be exercised in the manner pointed out. If the line is laid " upon or over lands cleared and used for agricultural purposes the line of pipe shall be buried at least twenty-four inches below the surface ; and if any line of pipe shall be laid over or through any waste or wood land, which shall be changed to farming land, then it shall be the duty of the corporation to immediately bury the said pipe to the depth of at least twenty-four inches as aforesaid." The easement acquired by the company is for the laying of the gas pipe beneath the surface of cleared land, or, as expressed by the act itself, for " burying " the pipe at least twenty-four inches below the surface in all such lands. The company does not require, nor is it to the interest of the landowner, that it should appropriate a definite strip of surface of twelve feet in width as suggested by the learned judge of the court below, or of any other width, to which it shall have an exclusive right of possession as against the landowner. What is needed is the space under the surface in which the pipe may rest, together with the right to deposit or " bury " it out of the landowner's way, and the right of access to it for purposes of maintenance and repairs. Subject to the easement so defined, the landower continues in the possession and use of the entire surface as freely as before the " burial " of the pipe took place ; and if the burial of the pipe is properly done, and the joints are made secure, the presence of the pipe line under the soil will in no way interfere with its cultivation or use.

But the unlooked for failure of the gas wells compel the abandonment of the line as a means of transporting and distributing gas. It had no value for any other purpose. The material belonged to the company, and it had a clear right to remove the pipe from its bed and utilize it in whatever manner might seem best. The proceedings under the right of eminent domain had not affected the title to the pipe, or imposed any obligation upon the company to maintain the line any longer than its own interests might dictate. The sole object and effect of the appropriation was to secure the right to transport natural gas across the lands of the plaintiffs in the manner provided for by the act of 1885. The damages were assessed with reference to the fact that the company acquired thereby a right to enjoy the easement indefinitely; yet if it happened that the supply for which the pipe line afforded the means of transportation should cease, it was within the knowledge and contemplation of the parties that the line would become useless, and that its abandonment must follow. In such a contingency the company may surrender the easement for which it has paid and remove its pipes from the land. This is in ease of the owner. A right of entry exists for this purpose, and if the removal is conducted with a due regard to the interests and rights of the landowner there is no ground for complaint on his part that the easement has been surrendered by a removal of the material that had been "buried" in his soil. But if the work is not properly done, if the trench is left open or but partially filled, if the growing crops or grass are broken down or destroyed, or the turf unnecessarily cut into or injured, the owner has a right to complain. The right of entry was incident to the laying and care of the line while the easement was being enjoyed, and when its enjoyment was no longer possible it was an incident to the right to withdraw from the land and surrender the privilege acquired under the right of eminent domain. But neither while the line was in use nor after its use had ceased did the right of entry authorize the doing of any substantial injury to the owners beyond the burying or removal of the pipe in the best way practicable. If it was to the interests of the company to remove its pipe in wet weather, and in doing so to drive over the plaintiffs' fields on the dryest routes it could find, thereby injuring the crops or grass, there is no reason why it should not

pay for the injury so done. The measure of the damages to which the plaintiff is entitled is the extent of the injury done him by the removal of the pipes at an improper time or in an improper manner. The nature and extent of the easement permitted the cultivation of the surface over the pipe line in subordination to the rights of the company to enter upon it whenever such entry became necessary. If, because of an exercise of the right of entry incident to the easement, growing crops were disturbed, this was damnum absque injuria as to the surface necessarily occupied for the purposes for which the entry was properly made. An entry for the purposes of removal stands however upon somewhat different grounds. It is not made because of the necessities of transportation, but because they no longer exist. It is therefore the duty of the company to make the removal at the time and in the manner best adapted to the purpose and least harmful to the landowner. It is the duty of the company upon a surrender of its easement to fill the trench it has opened so as substantially to restore the surface of the land, and its failure to do so is just ground of complaint. It should make compensation for any actual injury to growing grain or grass and, if the field be in meadow, for any substantial injury to the turf beyond the mere opening and filling of the trench in which the pipe lay. Subject however to the limitations now indicated it has the right to enter and remove its pipe without being liable as a trespasser therefor.

The judgment is reversed that the proper measure of damages may be given to the jury, and a venire facas de novo is awarded.