## Halstead *v.* American Natural Gas Company.

*Natural gas companies—Abandonment of pipe line—Removal of pipe— Trespass.*

In an action of trespass to recover damages for an alleged wrongful entry on plaintiff's land and the removal of pipe by a natural gas company, a verdict and judgment for plaintiff will be sustained where the evidence shows that the defendant had laid its pipe on the plaintiff's land under an agreement by which no term for the occupancy of the land was specified, and that subsequently it removed part of the pipe, and took no step until ten years thereafter to remove the remainder, when it entered upon the land and commited the trespass for which the suit was brought.

Argued May 14, 1901.   Appeal, No. 135, April T., 1901, by defendant, from judgment of C. P. Butler Co., March T., 1900, No. 63, on verdict for plaintiff in case of John Halstead v. The American Natural Gas Company.   Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Trespass quare clausum fregit.   Before GREER, P. J.

At the trial it appeared that in 1879, the plaintiff granted to the Natural Gas Company, Limited, the predecessor in title of the defendant, the right to lay gas pipes through his farm. No term was mentioned in the agreement as to the exercise of the right.   In 1889, the defendant's predecessor took up a portion of the pipe, but left the remainder untouched, because by taking it up at that time, plaintiff's grain would have been injured.   In 1889, the defendant entered upon the plaintiff's land and took up the remainder of the pipe.   This action was then brought.

The court charged in part as follows:

[The allegation is that it (the pipe) was left on account of the field of grain.   You can take that into consideration and if they left it on that account then it was the company's duty to remove it within a reasonable time after the crop had been taken off and taken away at a time that it would have done less damage to Mr. Halstead's farm, and we say to you if you find from the proof here that they had given up this line, had discontinued

its use for this purpose and had abandoned their interest and their rights there and did not take this iron and pipe away within a reasonable time after the grain was taken off, then the property would revert to Mr. Halstead, he would become the owner of this pipe under his ground, and when the company here under the other conveyance came there to take it away they would be trespassers, and if you believe that they would have to account to Mr. Halstead for whatever damage was done to his land and to the property taken, its value.] [2]

[The whole thing turns on the question as to whether or not this line and rights of way that the defendant company had there were abandoned and their use discontinued, and if you believe that then whether or not it was removed in a reasonable time, and if not in a reasonable time, then, as I said before, it will be for you to determine that the property was Mr. Halstead's and allow him the market value of this property as second-hand or old material, unless he told Lefevre to tell the company to come and take it away, and if he did he could not under the circumstances recover any pay because he would have given the liberty and license to take it away, and the company would not be trespassers.]

Verdict and judgment for plaintiff for $141.43. Defendant appealed.

*Errors assigned*, among others were (2, 3) above instructions, quoting them.

*T. C. Campbell*, with him *Walter Lyon*, *Charles H. McKee* and *H. Walton Mitchell*, for appellant.—The defendant company's right was an easement: Lefevre v. Lefevre, 4 S. & R. 241; Rerick v. Kern, 14 S. & R. 268; Clements v. Philadelphia Company, 3 Pa. Superior Ct. 14.

This interest was acquired by defendant's predecessor in the title by an executed parol contract which is equivalent to a grant under the statute of frauds.

Though an easement cannot rest in parol, and is within the statute of frauds: Huff v. McCauley, 53 Pa. 206; Hudson v. Watson, 2 Pa. Superior Ct. 422.

Yet an executed parol grant of an easement is not within the statute of fraud: Ricker v. Kelley, 1 Greenleaf (Me.), 117;

Hazelton v. Putnam, 3 Binney, 107; Hudson v. Watson, 2 Pa. Superior Ct. 422.

The title to the pipe was not forfeited, for the right to remove it continued during the existence of the easement and the easement had not terminated: Rerick v. Kern, 14 S. & R. 268; Nitzell v. Paschall, 3 R. 82; Lindeman v. Lindsey, 69 Pa. 93; Erb v. Brown, 69 Pa. 216; Bombaugh v. Miller, 82 Pa. 203; Twibill v. Lombard, etc., St. Ry. Co., 3 Pa. Superior Ct. 487; Tiedeman on Real Property, sec. 605; Mason v. Horton, 67 Vt. 266; Hudson v. Watson, 2 Pa. Superior Ct. 422; Dyer v. Sanford, 9 Metcalf (Mass.), 395; Eddy v. Chace, 140 Mass. 471; Clement v. Phila. Co., 184 Pa. 28; Thompson v. Christie, 138 Pa. 230; Lynch v. Versailles Fuel Gas Co., 165 Pa. 518; Boults v. Mitchell, 15 Pa. 371; Short v. Messenger, 126 Pa. 637; Gilmore v. Wilbur, 12 Pickering, 120; Phillips v. Coast, 130 Pa. 572; Justice v. Nesquehoning Valley R. R. Co., 87 Pa. 28; St. Johnsbury, etc., R. R. v. Willard, 61 Vt. 134.

*James M. Galbreath*, for appellee.—The fact of abandonment was not only found by the jury, but, under the testimony no other conclusion could have been arrived at.

The abandonment found by the jury in this case embraced both the easement or right of way and the gas line also: Shellar v. Shivers, 171 Pa. 569.

And even if we were to concede a perpetual grant, yet, in the light of the fact that it was abandoned, the length of term originally granted becomes unimportant: Patterson v. Graham, 164 Pa. 234.

OPINION BY WILLIAM W. PORTER, J., July 25, 1901:

The agreement between the plaintiff and the Natural Gas Company, Limited, conferred on the latter the right to lay and maintain two lines of pipe across the plaintiff's farm, to be used in conducting natural gas to places of consumption. No expressed limit of time was set to the exercise of the right. No obligation was incurred to continue its exercise. Upon abandonment, as an incident to their right, the company had the power, within a reasonable time, to enter upon the plaintiff's farm and remove the pipes. In doing this they were liable for the dam-

ages suffered by the plaintiff. There is in the testimony no denial of the liability to pay such damages. Indeed, the readiness to pay them was shown by the defendants' witnesses. The rights and obligations thus created were substantially the same as those now incident to the acquisition of rights by pipe lines under the act of 1885, in the exercise of the right of eminent domain : Clements v. Phila. Co., 184 Pa. 28.

The defendants having the right, on abandonment, to remove the pipe on payment of damages, was that right lost by delay in its exercise ? It is not denied that the use of the pipe, for the purpose for which it was put in place, was discontinued ten years before the removal which is the cause of this litigation. The pipe, on properties contiguous to that of the plaintiff and on part of the plaintiff's land, was at that time actually removed. The defendants say that the abandonment of the pipe in dispute was temporary ; that they did not remove it when the balance of the pipe was removed because the ground above it was then covered by growing grain ; that the temporary abandonment was to save loss to the plaintiff and that through oversight they did not return for ten years to complete the removal. It is to be observed that the defendants did not allow the pipe to remain at the request of the plaintiff and that their course was not in his relief. The trial judge would probably have been justified in instructing the jury as matter of law that the facts shown, constituted an abandonment of the use of the pipe line : Aye v. Philadelphia Co., 193 Pa. 456. But the question does not arise, inasmuch as he submitted the question of abandonment to the jury as a question of fact. This left in the case but one other question which is also one of fact, namely did the defendants (or their predecessors in right) lose their right of entry to remove the pipes by failure to exercise it within a reasonable time after the abandonment of the use of the pipe line ? This, the court below submitted to the jury who found in favor of the plaintiff. If the right to enter and remove was gone, the right to the chattels was lost, since the defendants were without power or right to take them from the plaintiff and reduce them to possession.

The defendants contend that the agreement with the plaintiff, followed by entry and the laying of the pipe, was in effect the grant of an easement for an unlimited time. But an ease-

ment may be abandoned.   Here the allegation of abandonment is not based upon nonuser.   The act of the defendants in destroying the line of pipe by removal of a part of it, was evidence upon which the jury could and doubtless did find that the defendants had abandoned their rights acquired by or incident to the contract.   Their act was unequivocal and decisive, if the evidence of it was believed, and it was confirmed in its effect by the running of ten years without attempt to exercise any rights in the premises.   Again, it is contended that by analogy with the provisions of the act of June 10, 1893, sufficient time had not elapsed before the attempted re-entry, upon which to predicate an abandonment.   But the answer is again that the abandonment is not based upon nonuser, but upon a definite act showing an actual abandonment.

We find no reversible error in the record and therefore the judgment is affirmed.