# Woods *v.* Greensboro Natural Gas Company, Appellant.

*Eminent domain—Right construed strictly—Corporations—Natural gas companies—Telephone lines.*

All grants of power by the government are to be strictly construed against the grantee, and this is especially true with respect to the power of eminent domain, which is more harsh and peremptory in its exercise and operation than any other.

In favor of the right of eminent domain there can be no implication unless it arises from a necessity so absolute that without it the grant itself will be defeated. It must also be a necessity that arises from the very nature of things.

The right of a natural gas company incorporated and doing business under the act of May 29, 1885, to locate and appropriate a right of way for laying and maintaining a pipe line for the transportation and distribution of natural gas, does not include the incidental right to construct and maintain on the same right of way a telegraph or telephone line to be used only in the necessary operation of the pipe line.

Argued Nov. 5, 1902. Appeal, No. 143, Oct. T., 1902, by defendant, from decree of C. P. No. 2, Allegheny Co., Jan. T., 1902, No. 833, on bill in equity in case of Joseph B. Woods v. Greensboro Natural Gas Company. Before MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Bill in equity for an injunction to restrain the erection of telephone and telegraph lines along a pipe line laid by defendant under its right of eminent domain.

SHAFER, J., found the facts to be as follows :

1. The plaintiff is the owner and is in possession of a tract of land in the townships of Elizabeth and Forward, in the county of Allegheny, containing about 200 acres.

2. The defendant is a corporation organized under the laws of the state of Pennsylvania for the purpose of producing, transporting and supplying natural gas.

3. The defendant company has located a pipe line for the conveyance of natural gas over and across a farm of the plaintiff, and has caused to be filed in the court of common pleas No. 1 of this county its bond, with sureties, to secure to the plaintiff the payment of damages for the location of a right of way upon his land, for laying pipe lines and for construct-

ing a telegraph or telephone line to be used only in the necessary operation of the said pipe line, and the bond has been approved by that court.

4. In addition to laying a pipe line or lines for the conveyance of natural gas over or under the land of the plaintiff, the defendant claims the right to construct, and proposes to construct, a line of poles with telegraph or telephone wires upon the same along the route of said pipe line, and across the plaintiff's land a distance of about 166 rods.

5. The defendant company has been producing gas for about six years, increasing its production and the number of places supplied by it from time to time. It now has about forty miles of gas pipe, and supplies a number of towns and villages with gas, having wells a considerable distance from each other, all of which are connected by its pipe line. A telephone or telegraph line of its own, either along the lines of its pipes, or elsewhere, connecting its various stations, would be a very great convenience to the defendant company, and would save it a great deal of money. It has hitherto, in all its operations, had no such line, but has operated its lines without a telegraph or telephone line, except such use as it could make of the public lines. A considerable amount of testimony was taken as to the difficulty of managing and operating a gas line without such connections, and from this testimony we find that it is not impracticable to operate a pipe line without a telephone or telegraph line, but that it is highly inconvenient and expensive to do so.

The court entered a decree for an injunction.

*Error assigned* was the decree of the court.

*Edwin S. Craig*, for appellant.—Natural gas companies, incorporated under the Act of May 29, 1885, P. L. 29, providing for the incorporation and regulation of such companies are by said act invested with the rights of eminent domain, and all other powers and privileges, necessary to the convenient and successful prosecution of the business for which they are incorporated: Pittsburg's Appeal, 115 Pa. 4; Getz's Appeal, 10 W. N. C. 453; Black v. P. & R. R. R. Co., 58 Pa. 249; Cleveland, etc., R. R. Co. v. Speer, 56 Pa. 325; P. W. & B. R. R. Co. v. Williams,

54 Pa. 103; Pittsburg v. Penna. R. R. Co., 48 Pa. 355; Smithko
v. P. & W. Ry. Co., 5 Pa. Dist. Rep. 543.

Where the purpose of a franchise is the performance of a
public act, the grant must be so interpreted as to enable that
act to be done: Monongahela Bridge Co. v. Kirk, 46 Pa. 112–
129; McManus's Appeal, 5 Pa. Superior Ct. 65; Lockhart v.
Craig St. Ry. Co., 139 Pa. 419; Bigler v. Pa. Canal Co., 177
Pa. 28; Carothers v. Phila. Co., 118 Pa. 468; Linton v. Sharps-
burg Bridge Co., 1 Grant, 414.

*J. P. Patterson,* with him *Boyd Crumrine,* for appellee.—The
exercise of the right of eminent domain, whether directly by
the state or its authorized grantee, is necessarily in derogation
of private right, and the rule in that case is, that the authority
is to be strictly construed: Dwarris on Stat. 750.

What is not granted is not to be exercised: Lance's Appeal,
55 Pa. 16; Western Penna. R. Co.'s App., 104 Pa. 399; German-
town Pass. Ry. Co. v. Citizens' Pass. Ry. Co., 151 Pa. 140;
Packer v. Sunbury, etc., R. R. Co., 19 Pa. 211; Allegheny v.
Penna. R. Co., 26 Pa. 355; Com. v. Erie, etc., R. R. Co., 27 Pa.
339.

It is not averred in the answer that a telephone or telegraph
line along a pipe line is necessary for the transportation of
natural gas in pipe lines, and that such transportation cannot
be carried on without it. It is averred, however, in the fifth
paragraph of the answer that a telegraph or telephone line "is
necessary to the convenient and successful prosecution of my
business." This is not sufficient: Penna. R. R. Co.'s App., 93
Pa. 150; Scranton Gas & Water Co. v. Northern Coal & Iron
Co., 192 Pa. 80.

The law authorizing the organization of corporations provides
numerous purposes for which a corporation may be organized.
Embraced in the purposes enumerated therein is that of a tele-
graph or telephone, and it is not to be presumed that a corpo-
ration organized for the purpose of supplying natural gas, has
also the power to exercise the right for which it is provided a
separate company shall be organized: Scranton Electric Light
& Heat Co.'s App., 122 Pa. 154; Penna. R. R. Co. v. Mont-
gomery Co. Pass. Ry. Co., 167 Pa. 62.

OPINION BY MR. JUSTICE POTTER, January 5, 1903:

The question for consideration in this appeal, is stated by the appellant, as follows : Does the right of a natural gas company, incorporated and doing business under the act of May 29, 1885, to locate and appropriate a right of way for laying and maintaining a pipe line for the transportation and distribution of natural gas, include the incidental right to construct and maintain, on the same right of way, a telegraph or telephone line to be used only in the necessary operation of the pipe line ?

The question is merely one of corporate power, and is to be determined by an inspection of the charter of the defendant company, and of the statute under which it is incorporated. The act of 1885, by section 10, gives to companies incorporated under its provisions, " the right of eminent domain for the laying of pipe lines for the transportation and distribution of natural gas." It is further provided in the same section that the grant "shall include the right to appropriate land upon or under which to lay said lines and locate pipes upon and over, under and across, any lands, rivers, streams, bridges, roads, streets, lanes, alleys, or other public highways, or other pipe lines, or to cross railroads or canals." This is the extent of the power granted.

The rule for construing statutes of this class is clearly laid down by Chief Justice BLACK, in Packer v. Sunbury, etc., R. R. Co., 19 Pa. 211. " All acts of incorporation and acts extending the privileges of incorporated bodies, are to be taken most strongly against the companies. Whatever is not expressly and unequivocally granted in such acts is taken to have been withheld."

And in Commonwealth v. Erie & N. E. R. R. Co., 27 Pa. 339, this court speaking by the same justice, says (p. 351) : " That which a company is authorized to do by its act of incorporation, it may do ; beyond that, all its acts are illegal. And the power must be given in plain words or by necessary implication."

These principles have ever since been uniformly followed and applied in appropriate cases. The right which the appellant here seeks to establish, is not merely in enlargement of its corporate powers, but it is further asserted that its exercise is

an incident of the power of eminent domain, with which, for certain purposes, the company is clothed.

Another rule of construction therefore applies, which is thus stated by Justice THOMPSON, in Lance's Appeal, 55 Pa. 16, 26 : " The exercise of the right of eminent domain, whether directly by the state or its authorized grantee, is necessarily in derogation of private right, and the rule in that case is, that the authority is to be strictly construed : Dwarris on Stat. 750.; Allegheny v. Penna. R. R. Co., 26 Pa. 355 ; Com. v. Erie, etc., R. R. Co. 27 Pa. 339 ; Packer v. Sunbury, etc., R. R. Co., 19 Pa. 211. What is not granted is not to be exercised."

The concurring result of many cases, is thus stated in Lewis on Eminent Domain, sec. 254 : " All grants of power by the government are to be strictly construed, and this is especially true with respect to the power of eminent domain, which is more harsh and peremptory in its exercise and operation than any other. ' An act of this sort,' says BLAND, J., ' deserves no favor; to construe it liberally would be sinning against the rights of property : ' Binney's Case, 2 Bland, Ch. 99."

We come then to the essential point here involved which is whether the right of eminent domain bestowed upon the appellant, extends to the construction and operation of a telephone or telegraph line. An inspection of the plain wording of the statute, as we have quoted it above, from section 10, shows that it does not. There is a general provision in the fifth clause of section 1, which authorizes the company to hold, purchase, etc., pipes, tubing, tanks, office and such other machinery, devices or arrangements as the purposes of the corporation require. And these words are followed by language conferring the "right also to enter upon, take and occupy such lands, easements and other property as may be required," not for the general purposes of the company, but, notice the limitation "for the purpose of laying its pipes for transporting and distributing gas."

So that, following the well settled principles of construction, and reading the statute in their light, nowhere do we find in it anything to warrant the exercise of the right of eminent domain upon the part of the company with reference to anything other than that which is involved, in the laying of pipe lines for the

transportation and distribution of natural gas. The manner in which this right is to be exercised, and the character and extent of the easement granted, is pointed out in Clements v. Phila. Co., 184 Pa. 28.

The substance of the argument on the part of appellant is that the construction and maintenance of a telegraph or telephone line along its right of way, is a necessity in the carrying on of the chief purpose of its incorporation. But this contention is not supported by the facts as found by the court below. From these findings it appears that the defendant company has been producing and transporting gas through its pipe lines, for some six years past; that it has operated its pipe lines hitherto without a telegraph or telephone line, except such use as it could make of the public lines. And the court finds from the testimony that " it is not impracticable to operate a pipe line without a telephone or telegraph line, but that it is highly inconvenient and expensive to do so."

Inconvenience is not enough to justify a claim to a grant by implied necessity. As was said in Phillips v. Dunkirk, etc., R. R. Co., 78 Pa. 177, " the right of eminent domain is a very high and arbitrary one, and arises only ex necessitate rei, and will not be presumed to exist in a corporation, unless by express legislative grant."

And in Penna. R. R. Co.'s Appeal, 93 Pa. 150, this court held, that in favor of the right of eminent domain, " there can be no implication, unless it arises from a necessity so absolute, that without it, the grant itself will be defeated. It must also be a necessity that arises from the very nature of things."

An illustration of a necessary incident to the grant of authority, is that of a bridge company requiring the power to take land for its abutments. Without it, a bridge could not be built. So in the laying out of a road, unless land be taken upon which to construct the road, it cannot be laid out. But in the present case, the construction and operation of a pipe line, does not, in the nature of things, involve the construction along with it, and upon the same right of way, of a telegraph or telephone line.

Undoubtedly, as found by the court below, the use of a telephone line in managing the business is a very important aid. But it does not appear from the testimony in the case, that it

is of special importance that such a line should follow the precise course of the pipe line.    Indeed, unless the easement acquired by the company, be enlarged considerably beyond the limits indicated in the opinion in Clements v. Phila. Co., supra, there would be no place upon the line of the right of way, for the setting of the poles, and the stringing of wire, required in a telephone line.

In much of the evidence taken, it is apparent that the witnesses failed to distinguish between the necessity for the use of a telephone line in connection with the business, and the necessity for having that line constructed immediately along, and upon the right of way of the pipe line.    No necessity is shown by the evidence for placing a telephone line upon the precise route followed by the pipe line.    And it would seem that every requisite would be subserved by a line approximately near.

If the exigencies of the business require it, the appellant company can obtain authority to construct a telephone line, by securing in its interest, a charter for that purpose.    But neither in its present charter, nor in the statute under which it is incorporated, can be found authority, express or implied, for constructing under the right of eminent domain, a telegraph or telephone line, along and upon its right of way.

The assignments of error are overruled, the decree of the court below is affirmed, and this appeal is dismissed at the cost of appellant.