## Crescent Pipe Line Company's Petition.

*Corporations—Pipe lines—Eminent domain—Condemnation of land for telegraph—Act of June 2, 1883, P. L. 61.*

1. A corporation organized under the Act of June 2, 1883, P. L. 61, for the transportation and storage of oil by means of pipe lines and tanks, has no power to condemn land for the purpose of constructing thereon a telegraph line.

2. The right of eminent domain will not be presumed to exist in a corporation, and legislative authority therefor must be shown. There can be no implication of such authority unless it arises from a necessity so absolute that without it the grant itself will be defeated. It must also be a necessity that arises from the very nature of things.

3. All acts of incorporation and acts extending the privileges of incorporated bodies are to be taken most strongly against the companies; whatever is not expressly and unequivocally granted in such acts is taken to have been withheld.

Argued Oct. 29, 1913. Appeal, No. 161, Oct. T., 1913, by Crescent Pipe Line Company, from order of C. P. Huntingdon Co., No. "K," May T., 1913, dismissing petition for appointment of viewers In re Petition of Crescent Pipe Line Company. Before RICE, P. J.,

HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Petition for appointment of viewers.

See Crescent Pipe Line Company v. Jeffries, 52 Pa. Superior Ct. 407.

WOODS, P. J., filed the following opinion:

This matter is before us on a petition by the Crescent Pipe Line Co. to appoint viewers for the purpose of condemning a certain strip of land across the farm of John M. Jeffries, in order to construct a pipe line, through which to convey oil for the purpose of furnishing the said oil to the customers of the said Crescent Pipe Line Co., a corporation chartered under the laws of Pennsylvania.

The notice served on said John M. Jeffries informed him that the said company intended making application for the purpose of asking the court to appoint viewers, to assess damages for a telegraph line, while the bond is for a pipe line.

The act of assembly confers upon pipe line companies the right of eminent domain, but we know of no act which extends the same right to telegraph companies. We are conversant with the facts in this case, the said parties having been before us in an equity proceeding as determined by the Superior Court. John M. Jeffries succeeded his father, George Jeffries, in title, and is now the owner of the property over which it is sought to add this additional servitude. In 1891 the Crescent Pipe Line Company and George Jeffries came to an understanding or agreement by which Jeffries gave them the right to construct a pipe line over, through and under said land, provided they would not construct a line of telegraph poles on said right, but would establish said line of poles around his farm on the public road. In accordance with this agreement the said company did construct its line of pipes across the land as desig-

nated, and did build, construct and operate their telegraph line around said farm along the public road, and so operated both lines for sixteen years or more, and until after the death of the said George Jeffries, and until the said John M. Jeffries took possession of said farm, when the said company then undertook and did remove said telegraph line from the public road and constructed said line over, along and through the farm of the said John M. Jeffries, and against his consent, alleging that the agreement entered into with his father, the said George Jeffries, carried with it the right to build a telegraph line along the same right of way over, through, along and under, which the pipe line is now and has been operated for a period of over sixteen years.

As we have said the right which George Jeffries gave to said company has been determined by the Superior Court, and was accepted by said company which operated its said line under said agreement for a period of over sixteen years, and then undertook to put a different construction upon said agreement. The contention on the part of the said company is that by virtue of the right of eminent domain conferred upon them by the act of assembly, they are entitled to have viewers by which they might obtain a further and greater privilege than they originally obtained under the agreement, by which they entered upon said land with their pipe line, and this in the face of an order of the Superior Court, directing them to remove their line of poles, from the land over which their telegraph line had been unlawfully constructed. The said company exercised its right by the use of its line under said agreement, and they cannot now condemn the strip of land by adverse proceedings in order to enlarge its rights when the act of assembly does not give them any right to condemn land for the purpose of constructing a telegraph line, thereby placing an additional and greater burden upon the land than that which they originally had by an amicable agreement. We think this case is ruled by the case of

Woods v. Greensboro Natural Gas Co., 204 Pa. 606. We must therefore refuse to appoint viewers as prayed for. It is the duty of the said company to carry out the order of the Superior Court by removing the said telegraph line from said land.

And now July 2, 1913, the petition for the appointment of viewers refused.

*Error assigned* was the order of the court.

*J. McF. Carpenter* and *Thos. F. Bailey,* for appellant.—We believe our right to condemn is settled by Jones v. R. R. Co., 11 Pa. Superior Ct. 202; Lilley v. Railroad Co., 213 Pa. 247; Brown v. Corey, 43 Pa. 495.

*Richard W. Williamson,* for appellee, cited: Scranton Electric Light & Heat Co.'s App., 122 Pa. 154; Woods v. Greensboro Natural Gas Co., 204 Pa. 606; Phillips v. Dunkirk, etc., R. R. Co., 78 Pa. 177; Penna. R. R. Co.'s App., 93 Pa. 150; Hoffman v. Susquehanna River & Western R. R. Co., 43 Pa. Superior Ct. 19.

OPINION BY HENDERSON, J., February 20, 1914:

The appellant is a corporation organized under the Act of June 2, 1883, P. L. 61, for the transportation and storage of oil by means of pipe lines and tanks. It is invested with power to take, hold, purchase and transfer such real and personal property as the purposes of the corporation may require not exceeding the amount limited by its charter, together with the right to appropriate and take lands, easements and rights of way for locating and constructing steam pumps, tanks, pump houses and offices and laying down its pipes or tubes, connections and branches from any point or points in any of the counties in which petroleum is produced to any railroad, canal, navigable river, port or city within this commonwealth. The third section of the act provides that where compensation cannot be agreed upon the

court of common pleas of the proper county on application thereto by petition either by said corporation or owner or owners, shall appoint seven discreet and disinterested freeholders who shall estimate and determine the quantity, quality and value of the property taken and award to the owner or owners just compensation for the same. It is under the latter section that the proceeding was instituted by the petitioner. The fact is disclosed in the petition that the corporation has, and for many years has had, a pipe line located across the farm of the appellee. It was so located by agreement between the father of the present owner and the pipe line company and has been during all the intervening period in use by the corporation. It appears from the appellant's history of the case and from the averments in the petition that a decree was entered against the company requiring it to remove from the land of the appellee a telegraph line which was erected thereon long after the construction of the pipe line and that what the petitioner now desires is a condemnation of the land for use in the erection and maintenance of the telegraph poles and line. Having acquired by agreement the use of the soil for the location of the pipes no necessity for condemnation for that purpose exists. There has been no failure to agree on the amount of damages and a case does not arise calling for the intervention of the court under the provisions of sec. 3 of the act. The appellant contends, however, that under its charter power it may construct a telegraph line and that inasmuch as the agreement of the appellee's ancestor with the company did not include permission to erect the telegraph line condemnation proceedings may now be had under the act to condemn the land for all the purposes included within the power committed to the company. What the company is expressly authorized to do is set forth in the act with such detail of specification as to exclude by clear implication the maintenance of a telegraph line as a part of the franchise. The

provision of the act that in occupying any land used for agricultural purposes the pipes shall be placed at least twenty-four inches below the surface and that where waste land is converted into farm land it shall be the duty of the company to immediately sink the pipe to the same depth indicates that it was not the purpose of the legislature to give a right to occupy the surface of the land and the failure to include the telegraph privilege as one of the rights granted leads one to the conclusion that it was not recognized as a necessary part of the pipe line system.   It is a well-established principle that the right of eminent domain will not be presumed to exist in a corporation and that legislative authority therefor must be shown.   There can be no implication of such authority unless it arises from a necessity so absolute that without it the grant itself will be defeated. It must also be a necessity that arises from the very nature of things: Phillips v. Dunkirk, etc., R. R. Co., 78 Pa. 177; Penna. R. R. Co.'s Appeal, 93 Pa. 150; Hoffman v. Susquehanna River, etc., R. R. Co., 43 Pa. Superior Ct. 19.   All acts of incorporation and acts extending the privileges of incorporated bodies are to be taken most strongly against the companies.   Whatever is not expressly and unequivocally granted in such acts is taken to have been withheld: Packer v. Sunbury, etc. R. R. Co., 19 Pa. 211; Mercer County v. Pitts. & Erie R. R. Co., 27 Pa. 389.   As the exercise of the right of eminent domain is in derogation of private right the authority claimed is to be strictly construed: Lance's App., 55 Pa. 16; Dwarris on Stat. 750; Lewis on Eminent Domain, sec. 254.   Applying these principles to the statute under which the petitioner proceeds and having in view the objects of the corporation there is no implication that the right granted includes the construction of a telegraph line.   It appearing from the admissions of the petitioner that the corporation has been exercising its franchise in the transportation of oil for many years without a telegraph line over the defendant's land it

cannot be averred that it is a necessity in the prosecution of the chief business of the corporation. It is obvious that conceding the advantage of the use of the telegraph between stations along the line there is no necessity that the telegraph wire follow the course of the pipes. It is not sufficient to show inconvenience as a justification for an implied grant of power. It will not be seriously contended that a failure of the company to locate a telegraph line on the appellee's land will defeat the object of the corporation and prevent the exercise of its franchise. It was held in Woods v. Greensboro Natural Gas Co., 204 Pa. 606, that a corporation organized under the Act of May 29, 1885, P. L. 29, to lay and maintain a pipe line for the transportation and distribution of natural gas does not include the right to construct and maintain a telephone or telegraph line. It is true there was a finding of fact in that case that it was not impracticable to operate a pipe line without a telephone or telegraph line although it was highly inconvenient and expensive to do so. But that does not so distinguish the cases as to justify a different conclusion in the one under consideration. We are satisfied notwithstanding the able argument of the learned counsel for the appellant that the action of the court was in accord with the law of the commonwealth.

The decree is affirmed.