## West Penn Power Company v. Wilson.

*Electric light, heat and power companies—Statutory right of way—Telephone wires as part of equipment — Public Service Commission — Act of May 21, 1921.*

1. A corporation authorized by its charter to supply to the public electricity for light, heat and power, having received a certificate of public convenience under the Act of May 21, 1921, P. L. 1057, and having appropriated and acquired, and being in possession of, an easement over certain land for the erection, maintenance and operation of apparatus, equipment and facilities for the transmission and distribution of electricity, and, having upon the right of way so acquired, erected a transmission system, may, as a part of said equipment and facilities, string upon the towers which carry the transmission wires a telephone line to be used exclusively in connection with, and for the purpose of, the maintenance and operation of said transmission system, where the telephone line is necessary for the operation of the transmission system.

2. It is not necessary, under the Act of May 21, 1921, P. L. 1057, to invest a corporation with the right to construct, as a part of its plant, such an appliance as a telephone line that the Public Service Commission specially authorize it as equipment necessary for carrying on the business. The special power conferred upon the commission by that statute is restricted to a determination of the facts upon which the statutory grant of authority to appropriate a right of way is conditioned; and this question having been decided by the commission in favor of the corporation, further questions as to the extent and scope of the grant, such as whether a structure of a particular kind may be placed upon the right of way, are questions to be settled by the courts.

Demurrer to bill in equity. C. P. Washington Co., No. 2917.

Before Brownson, P. J., and Cummins, J.

*Donnan & Miller*, for plaintiff; *R. W. Knox*, for defendant.

BROWNSON, P. J., Sept. 3, 1923.—For present purposes the demurrer admits the following facts averred in the bill: *(a)* That the plaintiff is a corporation of Pennsylvania, authorized by its charter to supply to the public electricity for light, heat and power in the district wherein the defendant's land is located; *(b)* that, having received a certificate of public convenience under the Act of May 21, 1921, P. L. 1057, plaintiff appropriated and acquired, and is in possession of, an easement over the land of defendant for the erection, maintenance and operation of apparatus, equipment and facilities for the transmission and distribution of electricity, and upon the right of way so acquired it erected a transmission system for that purpose; *(c)* that, as a part of said equipment and facilities, it strung upon the towers which carry the transmission wires a telephone line to be used exclusively in connection with, and for the purposes of, the maintenance and operation of said transmission system; *(d)* that such telephone line is a necessity for the operation of said transmission system, and it is not practicable to maintain and operate the same safely and efficiently without such telephone line; and *(e)* that the

defendant has cut and removed said telephone line, and has forbidden plaintiff's employees to enter upon his land for the purpose of reinstalling it.

We are both of the opinion that, upon these facts, the plaintiff would have a clear legal right to construct, maintain and operate upon its right of way, as a part of its plant, the telephone line described in the bill, and would clearly be entitled to the remedy of an injunction to restrain the defendant from interfering therewith and thus preventing the plaintiff from having the full enjoyment of the easement which it has acquired. The position of the defendant that, under the Act of 1921, the corporation does not become invested with the right to construct, as a part of its plant, such an appliance as a telephone line, unless and until the Public Service Commission specially authorizes it as equipment necessary for carrying on the business, is not well taken. The special authority conferred upon the commission by that statute is restricted to a determination of the single question whether "the service to be furnished by said company through the exercise of said power (of eminent domain) is necessary or proper for the service, accommodation, convenience and safety of the public," and when it has passed upon this question, its work under the Act of 1921 is done. There is nothing in the act referring to it the question of the extent to which the property of the land owner may be burdened, and limiting the corporation to the use of such appliances as it may specifically authorize. If it decides that the proposed electric light, heat or power service is one that is "necessary or proper" for the public accommodation, convenience, etc., then the statutory grant of authority to appropriate a right of way, contained in section 4 of the act, becomes operative in favor of the corporation, and the question of the scope and extent of that grant—the meaning of its words, and whether they confer authority, as against the land owner, to place upon such right of way a structure of a particular kind— becomes one to be settled by the courts. Nor are the authorities cited, holding that the acts for the incorporation of pipe-line companies do not confer the authority to construct telephone lines upon their rights of way (Woods v. Gas Co., 204 Pa. 606; Crescent P. L. Co.'s Petition, 56 Pa. Superior Ct. 201), applicable to the present case. The franchise which those statutes confer is specifically that of laying pipes for the conveyance of oil or gas, and they require that the same be buried when laid through cultivated lands, and their language excludes the idea of any intention to grant the right to erect poles upon the surface and string wires thereon, which, moreover, was expressly found not to be necessary for the operation of such pipes. But the wording of the Act of 1921 is quite different; it confers authority to appropriate the necessary right of way for the construction, etc., of "apparatus, . . . equipment and facilities for . . . the transmission or distribution" of electric light, heat or power. Any sort of apparatus, equipment or facility which is appropriate and reasonably necessary for the rendition of the public service for which the plant is intended may lawfully be included in the construction thereof. And, as before stated, this demurrer admits that the telephone line now in question is so necessary. We think that the plaintiff pursued the proper course when, instead of attempting to take the law into its own hands, it appealed to the court by its bill for a settlement of the controversy between it and the defendant. See Easton Pass. Ry. Co. v. Easton, 133 Pa. 505, 519, 521.

And now, Sept. 3, 1923, after argument and due consideration, the demurrer to the bill is overruled and dismissed, and it is ordered that the defendant file his answer to the bill within fifteen days.

From E. E. Crumrine, Washington, Pa.