## Ferree *v.* New York State Natural Gas Corporation, Appellant.

Argued October 8, 1959. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN, BOK and MCBRIDE, JJ.

*E. P. Herrington, Jr.,* with him *Fred B. Trescher,* and *Kunkle and Trescher,* for appellant.

*Joseph M. Loughran,* with him *John K. Best,* for appellee.

OPINION BY MR. JUSTICE BOK, April 18, 1960:

The high pressure transmission gas pipe dealt with in the preceding case, *Gilleland v. New York State Natural Gas Corporation,* 399 Pa. 181 (1960), 159 A.

2d 673, continues into this one. It enters plaintiff's property at the point where it left Gilleland's and with two slight changes of course traverses plaintiff's land for 1114 feet from almost due west to east, dividing it into two parts of twenty-eight and seven acres, the larger part lying to the north.

Plaintiff bought his land in 1940 for development purposes, and it has not been farmed since 1950. He has laid out no plan for lots except "in my mind". The evidence of his witnesses shows that the engineer for the Lincoln Heights development has done "some preliminary work" on the Zannarini property, which lies partly across the road from plaintiff's land and between it and Lincoln Heights. Zannarini testified that "we expect to use it for land development" and that he has "had offers".

Plaintiff and his witnesses ranged from $6000 to $10,000 for the difference in market value before and after the taking, and defendant's from $1300 to $1500. The Board of View awarded $5000 and the jury $6000. Defendant appealed.

Our conclusion in *Gilleland* that similar evidence of land development was remote and speculative also governs here. The testimony to support an inevitable development in the area is vague, unfounded, and casual. The idea that the neighborhood may one day become popular for small homesites is not the criterion, since what counts is the state of the property at the time of taking, and the seeds of future establishment should appear more certainly than is suggested by the record before us.

Apart from these considerations, the judgment must be reversed for an independent reason.

Unlike *Gilleland*, there was no stipulation here limiting the size of the condemned right of way, nor did the resolution of condemnation do so. There was evidence that defendant had staked the ground twenty

feet to the north of the pipe and fifteen feet to the south, and that this was the distance required for normal maintenance. Mr. Doman, defendant's chief engineer, testified for the plaintiff: "The distance that we need normally to maintain and operate the pipe line is 16 or 20 feet each side of the center line of the pipe. We do not occupy that at all times and only if necessary to maintain it." He added: "I would say no", when asked if he could relocate the line at any place he wanted to on the property under the taking. His answer was the same when asked if he could take his equipment over the property at any point in order to maintain the pipe.

The error is in the court's charge about the limitation of defendant's right to enter the property in order to repair the pipe. The court said: "In this particular case the different witnesses were asked as to this resolution: how much was needed on either side of this line, what was appropriated or how they would limit it, and they did not desire to limit it. . . .

"What is needed is the space under the surface in which the pipe may rest, together with the right to deposit or bury it out of the landowner's way, and the right of access to it for the purposes of maintenance and repairs . . .

"If you take into consideration . . . the right to come in and maintain and repair the gas line at any time or any place along that line: they have a right to go in there . . . under this resolution to maintain that line and they need to pay no damages to go in there . . ."

Thus far the charge sounds accurate and as if the right of entry was to be exercised over the staked right of way in order to repair the line at any place where it needed attention. But the whole bazaar fell in at the end of the charge when this colloquy occurred:

"By Mr. Loughran: I want to ask the Court to re-iterate where they can go on at any place according to this resolution. By the Court: That is what the resolution says, Mr. Trescher [defendant's counsel]. By Mr. Trescher: I certainly want to except to that. Just the actual right of way is all it has. By Mr. Loughran: The resolution doesn't say that. By the Court: You were given the opportunity to limit but they did not limit. I have said, as a matter of law, they did not limit and they had the opportunity to limit."

This clearly gives the impression that the defendant could, without payment for damage, enter the plaintiff's farm and roam about in it wherever it pleased in order to reach the point of repair, without being limited to the right of way. This would put an extra load on the property for which a jury might well award excessive damages.

Rights acquired by condemnation are to be strictly construed, and those under the Act of May 29, 1885, P. L. 29, §10, 15 PS §§1989, 2031, 2032, concerning gas pipes, are specifically so held in *Woods v. Greensboro Natural Gas Co.*, 204 Pa. 606 (1903), 54 A. 470, where this Court refused to sanction the added use of the right of way for a telephone line required for the effective maintenance of the pipe. And in *Clements v. Philadelphia Co.*, 184 Pa. 28 (1898), 38 A. 1090, we held that the company does not acquire a strip of any width as a right of way but only a right of access to do the work authorized by the Act and to repair. We added: "If it was in the interests of the company to remove its pipe in wet weather and in doing so to drive over the plaintiff's fields on the driest routes it could find, thereby injuring the crops or grass, there is no reason why it should not pay for the injury so done." See also *Madeira's Land Condemnation*, 296 Pa. 65 (1929), 145 A. 684.

It was therefore the court's duty to restrict the defendant's right and not to enlarge it.

The judgment is reversed with a *venire facias de novo.*