## Snee *v.* West Side Belt Railroad Company, Appellant.

*Railroads—Eminent domain—Width of road—Taking land in excess of sixty feet—Necessity—Act of February* 19, 1849, *sec.* 10, *P. L.* 79.

A railroad company has no right under section 10 of the act of February 19, 1849, to take land for its right of way in excess of the width of sixty feet for the purpose of diverting and relocating the bed of a stream so that the company may from considerations of convenience or economy, and not from necessity, be relieved from constructing two bridges over the stream in question.

Argued Nov. 1, 1904. Appeal, No. 61, Oct. T., 1904, by defendant, from decree of C. P. No. 2, Allegheny Co., Jan. T., 1903, No. 65, on bill in equity in case of ·John A. Snee v. West Side Belt Railroad Company. Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT, POTTER and THOMPSON, JJ. Affirmed.

Bill in equity for an injunction. Before FRAZER, P. J.

The court found the facts to be as follows:

1. The plaintiff is the owner of a farm situate in Jefferson township, this county, containing eighty-six acres, through a portion of which flows a stream of water known as Peters creek.

2. The defendant is a corporation created under the general railroad laws of this commonwealth, for the purpose of constructing a railroad from a point on the Monongahela river near the mouth of Peters creek to the city of Pittsburg; that the route of the defendant's railroad lies across a portion of plaintiff's farm.

3. That the defendant company has filed its bond in this court to secure to plaintiff the payment of any damages that may result to him by reason of the construction of its road over and upon his land.

4. That defendant in constructing its road across plaintiff's land is obliged to cross Peters creek twice, and also construct an embankment between the banks of the creek at these points, of about 400 feet in length, and nine feet in height; that for the purpose of avoiding the construction of bridges over the creek at each end of the embankment, defendant proposes to

create a new channel for the creek along its embankment and over the land of plaintiff, and continue its embankment across the creek's present bed.

5. That for the purpose of making the proposed new channel, defendant proposes to take, and is about to take, sufficient land of plaintiff adjoining its right of way; that the strip of ground intended to be taken for both the right of way and new channel is 130 feet in width, and whatever additional grant that may be necessary for slopes and embankments.

6. That at the point on plaintiff's land where the route of defendant's road crosses Peters creek, there is a curve in the channel of the stream, requiring the creek to be crossed twice in a distance of about 500 feet; that by the construction of an embankment along the entire distance, and the changing of the creek's channel, part of the plaintiff's land is cut off from the balance of the farm, and deprived of the benefit of the waters of the creek.

7. That the cost of two iron bridges over the creek at this point would be from $18,000 to $20,000 in excess of the cost of an embankment; that while the construction of embankments is desired by railroad engineers in preference to bridges, the latter at this point are practicable and could be constructed so as to be both safe and serviceable.

8. That the defendant's road is not now, nor will it be constructed, upon plaintiff's property at or near the corner where he joins the lands of Alice H. Wilson, nor does it appear from the evidence that defendant is encroaching upon the channel of the creek or changing the same upon plaintiff's farm, so that injury will result to plaintiff by reason of overflow.

The court entered a decree perpetually enjoining the defendant from taking complainant's land for the purpose of changing the channel of Peters creek.

*Error assigned* was the decree of the court.

*Johns McCleave*, with him *J. C. Boyer* and *John S. Wendt*, for appellant.—We contend, that clearly the right is given to take any land for " any purpose necessary or useful in the construction of the railroad," and such has been the interpretation placed upon precisely similar language by this court: Lau-

derbrun v. Duffy, 2 Pa. 398: Smithko v. Pittsburg & Western
Ry. Co., 5 Pa. Dist. Rep. 543; Barclay R. R. & Coal Co. v.
Ingham, 36 Pa. 194; Warfel v. Cochran, 34 Pa. 381; Valley Ry.
Co. v. Bohn, 34 Ohio, 114; Rowe v. Granite Bridge Corpora-
tion, 38 Mass. 344; Bigelow v. Draper, 6 No. Dak. 152 (69
N. W. Repr. 570); Mellen v. Western R. R. Corp., 70 Mass.
301; New York & Erie R. R. Co. v. Young, 33 Pa. 175.

*R. B. Petty,* with him *Charles G. McIlvain* and *John N.
Radcliffe,* for appellee.—There is no express grant to the de-
fendant which would authorize the taking of the land in excess
of sixty feet in the present case: Phillips v. Dunkirk, etc., R.
R. Co., 78 Pa. 177; Pittsburg Junction R. R. Co.'s App.,
122 Pa. 511; Groff's App., 128 Pa. 621; Woods v. Greens-
boro Nat. Gas Co., 204 Pa. 606; Cumberland Valley R. R.
Co. v. McLanahan, 59 Pa. 23.

A railroad corporation has not the right to interrupt or
divert the natural flow and course of the water of a stream,
to cut it off from those below, or flow it back upon those
above their road: Pittsburg, Ft. Wayne, etc., Ry. Co. v. Gill-
eland, 56 Pa. 445; Brown v. Pine Creek Ry. Co., 183 Pa.
38; Young v. Chicago, etc., Ry. Co., 28 Wis. 171; Stodghill
v. C., B. & Q. R. R. Co., 43 Iowa, 26; March v. R. R. Co., 19
N. H. 372; Pugh v. Golden Valley Ry. Co., Law Rep. 15,
Chan. Div. 330; Atchison, Topeka, etc., Ry. Co. v. Long, 46
Kansas, 701 (27 Pac. Repr. 182.)

OPINION BY MR. JUSTICE POTTER, December 31, 1904:

The defendant company is incorporated under the general
railroad laws of Pennsylvania, and its authority to take land
for its right of way is, therefore, prima facie, limited to a strip
sixty feet in width. This limitation prevails except in the
neighborhood of deep cuttings, or high embankments, or
places selected for sidings, turnouts, depots, engine or water
stations. No necessity for extra width, arising under any of
the specified exceptions, has been shown in this case. But in
crossing plaintiff's land, the line of the railroad crossed Peters
creek twice within a distance of about 460 feet. This would
involve the construction of two bridges, and rather than build
the bridges, the defendant company sought to divert the

waters of Peters creek from their original channel, by building a solid embankment, which would cut off the bend in the creek and send the water along the line of the railroad until it met the old channel. To provide for the flow of the waters in the new location the defendant company proposed to take an additional portion of the plaintiff's land, outside of the right of way. Counsel for appellant contend that the grant of power in section 10, of the Act of February 19, 1849, P. L. 79 " to enter upon all land on which the said railroad or depots, warehouses, offices, toll houses, engines and water stations, other buildings or appurtenances, hereinbefore mentioned, may be located, or which may be necessary or convenient for the erection of the same, or for any purpose necessary or useful in the construction, maintenance or repairs of said railroad, and therein and thereon to dig . . . . and construct the same," confers the right to take any land, for any purpose necessary or useful in the construction, maintenance or repairs of said railroad. This is a very bold claim, and one which is without any justification in the terms of the act. It ignores the express limitation of the width of the right of way except in the specified exceptions. The entry upon land is limited to such land as the railroad was entitled to include in its right of way, and this in so far as the main roadbed is concerned is not to exceed sixty feet in width. To adopt the construction contended for by the appellant would practically nullify the limitation of the width of the right of way. The learned judge of the court of common pleas has found that there is no impelling necessity in this case for changing the channel of the creek, and for that purpose taking additional land. It is a mere matter of convenience or, at most, of economy. This is not enough. As we held in Penna. R. R. Co.'s Appeal, 93 Pa. 150, there can be no implication in favor of the right of eminent domain " unless it arises from a necessity so absolute that, without it, the grant itself will be defeated. It must, also, be a necessity that arises from the very nature of things, over which the corporation has no control ; it must not be a necessity created by the company itself, for its own convenience or for the sake of economy."

See also upon this point, Woods v. Greensboro Natural Gas Co., 204 Pa. 606, and the cases there cited. The trial judge

has found as a fact that "while the construction of the embankments is desired by railroad engineers in preference to bridges, the latter at this point are practicable and could be constructed so as to be both safe and serviceable," and this finding is amply supported by the testimony. In stating his conclusions of law, the court below said: "While a railroad company in the construction of its road has not generally the right to divert the natural flow of waters of the stream, yet there may be cases when that may be done. If a company should find it impracticable to carry out the purpose of its incorporation without changing the channel of the stream in constructing its road, perhaps upon those circumstances being made to appear private interest would be required to yield to the interests of the public. We, however, have no such a case before us." We think the conclusion thus stated is fully sustained by the authorities. See Angell on Water Courses, sec. 465b; Gould on Waters, page 522; Lewis on Eminent Domain, sec. 571.

The assignments of error are overruled. The decree of the court below is affirmed, and this appeal is dismissed at the cost of the appellant.