# Wilson *v.* Pittsburg & Lake Erie Railroad Company, Appellant.

*Railroads—Condemnation proceedings—Widening—Act of March* 17, 1869, *P. L.* 12—*Practice, C. P.—Jurisdictional averments in petition.*

A petition by a railroad company in widening proceedings under the Act of March 17, 1869, P. L. 12, for the approval of a bond, which averred that the board of directors of the company had adopted a resolution "to acquire additional ground for the better securing and safety of persons and property, and to increase the facilities and capacity for the transportation of traffic upon its said road," is defective, and is properly dismissed, where there is nothing either in the petition, the notice, or the bond to indicate that it was the purpose of the company to "straighten, widen . . . . and otherwise improve the whole or portions of their lines of railroad."

The court is not under legal obligation to approve the bond tendered where it does not affirmatively and unequivocally appear either in the petition or in the notice, or in the bond itself, that the land is proposed to be taken for a purpose for which lands may be acquired by condemnation.

In proceedings under the act of 1869, where the petition, notice and bond are all in proper form and contain the proper jurisdictional averments, it is the duty of the court to approve the bond and permit it to be filed for the benefit of those interested. In such a case and in that form of proceeding, the question whether the land is necessary for which the company proposes to take it, is not before the court for adjudication upon testimony outside the record. The resolution of the board of directors that the land is necessary for the specified purpose for which the company may condemn it, properly averred in the petition, is conclusive upon the court.

Argued May 16, 1907.   Appeal, No. 209, April T., 1907, by defendant, from order of C. P. Lawrence Co., Dec. T., 1906, No. 83, dismissing petition in condemnation proceedings in case of Thomas D. Wilson v. Pittsburg & Lake Erie Railroad Company.   Before RICE, P. J., HENDERSON, ORLADY, HEAD and BEAVER, JJ.   Affirmed.

Petition to condemn land under the Act of March 17, 1869, P. L. 12.

The notice of filing bond was as follows:

"August 28, 1906.

" To THOMAS D. WILSON :

" You are hereby notified that the bond of the Pittsburg & Lake Erie Railroad Company, dated August 25, 1906, for the sum of $2,000 and payable to you, in which the Union Trust Company of Pittsburg is surety, tendered to you this day, to secure the benefit of any damages you may sustain by reason of the location and construction of the Pittsburg & Lake Erie Railroad Company, through and upon your land in Big Beaver township, Lawrence county, Pennsylvania, owned or claimed to be owned by you, and not accepted by you as tendered, will be presented to the court of common pleas of Lawrence county, state of Pennsylvania, on the tenth day of September, 1906, at two o'clock in the afternoon, to be approved and filed in said court.

" PITTSBURG & LAKE ERIE RAILROAD COMPANY.
" By J. C. GROOMS, Land and Claim Agent."

The material averment of the petition was as follows:

That your petitioner, in pursuance of its charter and by virtue of the provisions of an act of assembly entitled " An Act to enable railroad, canal and slackwater navigation companies to straighten, widen, deepen and otherwise improve their lines of railroads, canals and slackwater navigation, and the bridges, aqueducts and structures thereof," approved March 17, 1869, has by resolution of its board of directors, duly adopted, resolved to acquire additional ground for the better securing the safety of persons and property, and to increase the facilities and capacity for the transportation of traffic upon its said road, the land so to be acquired being situate in Big Beaver

township, county of Lawrence, Pennsylvania, and shown upon a plot attached to the bond presented herewith marked exhibit " A."

The material recital of the bond was as follows:

Whereas, the said Pittsburg & Lake Erie Railroad Company in pursuance of its charter of incorporation and of the act of assembly approved March 17, 1869, entitled " An Act to enable railroad, canal and slackwater navigation companies to straighten, widen, deepen and otherwise improve their lines of railroads, canals, and slackwater navigation and the bridges, aqueducts, piers and structures thereof," has by resolution of its board of directors, duly adopted, resolved to acquire additional ground necessary for the better securing the safety of persons and property, and to increase the facilities and capacity for the transportation of traffic upon its said road; together with the necessary slopes of cuts and fills, and any or all of the necessary, convenient or useful appurtenances thereto, as authorized in the act of assembly in such case made and provided, and has caused a survey and location to be made of the route so required for the construction and operating its railroad.    Said lands to be occupied being more particularly described and shown in a plot hereto annexed or attached, and marked exhibit " A."

The court entered an order refusing to permit the bond to be filed.

*Error assigned* was the order of the court.

*J. Norman Martin,* for appellant.

*James A. Gardner,* for appellee.

OPINION BY RICE, P. J., October 7, 1907:

This is an appeal from an order refusing approval of a bond presented by a railroad company to secure compensation for land appropriated by the company in the exercise of the power of eminent domain, claimed to be conferred by the Act of March 17, 1869, P. L. 12.    The revisory jurisdiction of this court upon such appeal is that, and that only, which the Supreme Court had upon certiorari prior to the Act of May 9,

1889, P. L. 158 : Katharine Water Co., 32 Pa. Superior Ct. 94. The petition for the approval of the bond averred that the board of directors of the company had adopted a resolution " to acquire additional ground for the better securing the safety of persons and property, and to increase the facilities and capacity for the transportation of traffic upon its said road," and then described the land to be acquired by reference to a plot attached to the bond.   The foregoing quotation is taken from the petition, but whether it is a copy of the resolution or only a statement of the purport of it is left to surmise.   Further, it is important to notice, the manner in which the safety of persons and property is to be secured and facilities and capacity for the transportation of traffic are to be increased—whether by widening, straightening, or otherwise improving the line of railroad— is not set forth ; and neither the bond itself nor the notice to the landowner is any more definite in this particular.   On the contrary, the phraseology of the notice is such as to create some uncertainty as to whether the land was to be taken in the location and construction of a railroad or under the provisions of the act 1869.   Upon presentation of the bond the court fixed a time for hearing and directed that the " objections " of the landowner be filed in the meantime.   He filed objections, entitling them " exceptions," in which he alleged, inter alia, that the company had no right to take the land, as it was not necessary for any purpose for which it was authorized to take land ; that the company had abundant land at this point, its right of way from its monumented center line to the line of the the land proposed to be taken being from eighty-seven to ninety feet wide ; and that the bond tendered was not sufficient in amount to cover the value of the land and the damages that would accrue to the landowner.   The court filed an opinion in connection with the order refusing the prayer of the petition, in which certain reasons were set forth for its action.   Of course the case is to be reviewed upon the record, and not exclusively upon the reasons given by the court for its action.   But in view of one of the reasons assigned by the court, it seems appropriate to make some observations as to the matters which come before the court in such an application.

Where it appears by the resolution of the board of directors of a railroad company invested with the power of eminent do-

main, that in their opinion the land is necessary for a specified purpose for which the company may condemn land, and this resolution is made part of the petition for the approval of the bond, and the adoption thereof is duly proved or admitted, and the bond tendered after due notice is in proper form and is adequate in amount and the sureties are sufficient, it is the duty of the court to approve the bond and permit it to be filed for the benefit of those interested. In such a case, and in that form of proceeding, the question whether the land is necessary for the purpose for which the company proposes to take it is not before the court for adjudication upon testimony outside the record. Hence, the refusal to approve and permit the bond to be filed, under the circumstances stated, upon the ground that the company did not produce evidence to satisfy the court that the land was necessary for the purpose specified, would be unwarranted in law and, if that be the only ground of objection, would be reversible error. See Katharine Water Company, supra, where this subject is more fully discussed.

But, on the other hand, whatever be the authority of the court to sanction or to overlook mere informality in a proceeding for approval of a bond in condemnation proceedings, it is quite clear that the court is not under legal obligation to approve the bond tendered where it does not affirmatively and unequivocally appear, either in the petition or in the notice or in the bond itself, that the land is proposed to be taken for a purpose for which lands may be acquired by condemnation. The act of 1869 does not confer upon railroad companies unlimited power to acquire land by condemnation whenever in the opinion of the board of directors the acquisition of such land is necessary for the accomplishment of either of the objects specified in this petition. The powers it confers are " to straighten, widen . . . . and otherwise improve the whole or portions of their lines of railroad," and, in the exercise of either of these powers, to acquire land by condemnation proceedings whenever in the opinion of the board of directors the same— that is, the widening, straightening, or otherwise improving the line of railroad—may be necessary for the better securing the safety of persons and property and increasing the facilities and capacity for the transportation of traffic thereon. Not everything that would remotely or immediately tend to the accom-

plishment of these latter objects can be declared an " improvement of the line of railroad " within the meaning of this statute. Therefore, if the land is to be taken under the clause which permits it whenever in the opinion of the board of directors it may be necessary to the improvement of its line of railroad, it is not unreasonable to require it to be set forth in the application for approval of the bond what the contemplated improvement is.   At the foundation of the whole proceeding, and a condition precedent to the acquisition of land in this mode, is the determination of the board of directors of certain questions, which is ordinarily expressed by formal resolution.   Whether its determination is absolutely conclusive or not, it is so far conclusive in discretionary matters that the court is justified in withholding approval of the bond until it is made to appear in some satisfactory mode, preferably by proof of the resolution itself, that the judgment of the board of directors has been formed and expressed upon the very matter which the statute submits to its determination.   The omission to prove this upon the hearing is assigned by the court as one of the reasons for its action, and this, taken in connection with the indefiniteness of the petition to which we have alluded, would be sufficient to sustain it, even if no other valid reason could be assigned.

Further, while the court suggests in its opinion two reasons for the refusal to approve the bond, it is not stated that they are the only reasons.   The question of the sufficiency of the amount of the bond was for adjudication upon testimony, and, for aught the record or the opinion affirmatively shows, the court may have deemed it insufficient.

But apart from this consideration, in the view we take of the other features of the case, it is unnecessary to take up time in discussing the questions whether the rule of court requiring all " exceptions of fact . . . . and all papers stating facts on which the court or judge may be called on to act shall be verified by affidavit " was applicable to objections filed under this special order, and, if it was, whether the court had power to suspend the operation of its general rule in this particular case and was justified in doing so.   For if no formal objections had been filed we cannot say from an inspection of the record that the court was under legal obligation to approve the bond even though it was sufficient in amount ; or, to state the

proposition in another form, that the court was guilty of an abuse of its power and a disregard of its duty in withholding approval.

The order is affirmed.