# Wilson v. Pittsburg & Lake Erie Railroad Company, Appellant.

*Railroads—Eminent domain—Widening road—Water tanks—Act of March* 17, 1869, *P. L.* 12.

A railroad company duly incorporated under the laws of Pennsylvania with power to condemn land for general railroad purposes is invested with the right of eminent domain to take land for the purpose of erecting and maintaining thereon tanks to supply water to its locomotives, engines and trains under the provisions of the Act of March 17, 1869, P. L. 12, giving railroad companies the right to condemn land for the purpose of straightening, widening or otherwise improving their lines.

A resolution of the board of directors of a railroad company as to the erection and maintenance of water tanks for railroad purposes stated, at a point mentioned, and upon land designated, is final and conclusive as to the necessity for such improvement, and is within the purview of the act of 1869.

Under such a resolution a prima facie right to condemn all of the land described is made out and this prima facie right can only be overcome by evidence which clearly establishes the fact that the railroad company, arbitrarily and without regard to its actual needs, had undertaken to appropriate more land than its necessities require.

*Railroads—Eminent domain—Practice, C. P.*

The court of common pleas is not under any legal obligation to approve a bond tendered in railroad condemnation proceedings, where it does not affirmatively appear, either in the petition or in the notice, or in the bond itself, that the land is to be taken for any purpose for which lands may be acquired by condemnation.

Where it appears by the resolution of the board of directors of a railroad company invested with the power of eminent domain that in their opinion the land is necessary for a specific purpose for which the company may condemn land, and this resolution is made part of the petition for the approval of the bond and the adoption thereof is duly proved or admitted, and the bond tendered after due notice is in proper form and is adequate in amount and the sureties are sufficient, it is the duty of the court to approve the bond and admit it to be filed for the benefit of those interested.

Argued Oct. 13, 1908. Appeal, No. 126, Oct. T., 1908, by defendant, from order of C. P. Lawrence Co., June T., 1908,

No. 98, refusing to approve bond in condemnation proceedings in case of Thomas D. Wilson v. Pittsburg & Lake Erie Railroad Company. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Reversed.

Application to approve bond in condemnation proceedings. WILLIAM E. PORTER, P. J., stated the facts to be as follows:

In order to obtain additional land "for the purpose of better securing the safety of persons and property and increasing the facilities and capacity for the transportation of traffic on its lines of railroad by keeping and maintaining on said land water tanks for the purpose of supplying water to its locomotives, engines and trains," the Pittsburg & Lake Erie R. R. Co. has begun this proceeding to condemn land of Thomas D. Wilson and has tendered him a bond in the sum of $2,500 which he has refused to accept, and we are now asked to approve said bond. Attached to the bond is a blue print which shows that the present west line of the right of way of said company is about ninety feet at the south end and about ninety-four feet at the north end of the property it is now desired to acquire from the center line of the present right of way of said company. And the land it is proposed to acquire is a small strip just west of the present right of way about 106 feet wide and 320 feet long on the east side and 254 feet along on the west side, so that if this piece were acquired by the railroad company the west line of its property would be about 200 feet from the present center line of the company's right of way.

The court refused to approve the bond on the ground that the company had no power to condemn land for the purpose stated.

*Error assigned* was order refusing to approve the bond.

*J. Norman Martin*, for appellant.—The improvement of the line of railroad, the better securing the safety of persons and property and increasing the facilities and capacity for the transportation of traffic, etc., are the matters covered by the statutes. The supply of water is necessary to the operation of

a railroad and the board of directors alone shall judge where and how this water shall be supplied: Smithko v. Railway Co., 5 Pa. Dist. Rep. 543; Penna. R. R. Co. v. Miller, 112 Pa. 34; 3 Weimer's Penna. Railroad Law, 19.

The act of 1869 was intended in a large measure to be exercised for the public good, and it will not be presumed in the absence of clear words that the company intended to barter away that right and thus disable itself wholly or in part to perform those functions it has undertaken: Jones v. Pittsburg, McKeesport and Youghiogheny R. R. Co., 11 Pa. Superior Ct. 202; Katherine Water Co., 32 Pa. Superior Ct. 94.

The right to build a railroad carries with it the right to build sidings and switches and side tracks and in fact to build and take land for building all things necessary to the operation of the road: P. & C. R. R. Co. v. Speer, 56 Pa. 325; Hagner v. Railroad Co., 154 Pa. 475; Phila., Wilmington, etc., R. R. Co. v. Williams, 54 Pa. 103; Black v. Railroad Co., 58 Pa. 249.

The act of 1869 is to be read as a supplement to all railroad charters granted by special law before the act of 1849 and as part of the charters of companies created since the act of 1869: Bigler v. Penna. Canal Co., 177 Pa. 28; Pittsburg, etc., Ry. Co. v. Peet, 152 Pa. 488; Pittsburg Junction R. R. Co.'s App., 122 Pa. 511; Jones v. Railroad Co., 11 Pa. Superior Ct. 202.

*James A. Gardner*, for appellee.—A railroad company cannot take land for every purpose which it may deem useful, necessary or convenient: Snee v. Railroad Co., 210 Pa. 480; Wilson v. Pittsburg & Lake Erie R. R. Co., 34 Pa. Superior Ct. 575; Robinson v. Railroad Co., 161 Pa. 561; Phila. & West. R. R. Co.'s Petition, 32 Pa. C. C. Rep. 337; Phillips v. Railroad Co., 78 Pa. 177.

The power to take for widening is confined to that purpose alone, and any attempt to take for another purpose, or in excess of what is necessary for that purpose, is not within the act; and in this particular the act of 1869 is as definite as the act of 1849, which limits the width to sixty feet except in cases of cuts, etc.: Dryden v. Railway Co., 208 Pa. 316; O'Leary v. Railway Co., 210 Pa. 522.

OPINION BY MR. JUSTICE ELKIN, January 4, 1909:

The question passed upon by the court below and argued here, is whether a railroad company, duly incorporated under our statutes, having the power to condemn land for general railroad purposes, is invested with the right of eminent domain to take land for the purpose of erecting and maintaining thereon tanks to supply water to its locomotives, engines and trains, under the provisions of the Act of March 17, 1869, P. L. 12. This appeal, in the nature of a certiorari, is from an order of the court below refusing to approve the bond tendered on the sole ground that appellant is not authorized to condemn the land in question for the purpose stated. It is provided in the first section of said act that railroad companies may straighten, widen and otherwise improve the whole or portions of their lines, bridges, crossings, sidings, piers and structures thereof, "whenever in the opinion of the board of directors of any such company the same may be necessary for better securing the safety of persons or property and increasing the facilities and capacity for the transportation of traffic thereon, and for such purposes, to purchase, hold and use, or enter upon, take and appropriate lands and materials." Here, then, in express terms the legislature authorized railroad companies, in addition to the land taken originally for right of way purposes, to condemn other lands for the purpose of straightening, widening or otherwise improving their lines, whenever in the opinion of the board of directors it may be deemed necessary to do these things in order to better secure the safety of persons and property, or increase the facilities and capacity for transportation and traffic. Very ample power is given for the purposes stated. In the present case, the effort of the railroad company is to widen or otherwise improve its lines at a particular point in order to provide for the erection and maintenance of tanks to store water for necessary railroad purposes. Does the statute cover such a case? If not, why not? Nothing is more imperatively demanded for the successful operation of a railroad than an abundant supply of water, and it must be secured at those points most accessible for the use intended. If at some point near its line of right of way, there is a supply of water, and thus

is presented an opportunity to locate tanks to store water for locomotives, engines and other railroad purposes, and the necessity exists to appropriate land for these purposes, there does not seem to be any valid reason why the act of 1869 should not be held to cover such a situation. Certainly the words "and otherwise improve" its lines are sufficiently comprehensive to include such a necessary and useful purpose. What improvements are more necessary for a railroad, or what facilities for the transportation of traffic are more required than the means of furnishing a sufficient water supply, and a recognized method of storing water for this use is in tanks, and tanks must be erected on land, and land must be secured where available for this use. Again, the statute provides that the board of directors shall determine the necessity for straightening, widening and otherwise improving the lines, and when so determined, that determination is final and conclusive as to the necessity of doing those things authorized to be done by the act. It would be otherwise if the board, under the guise of this legislative authority, should attempt to condemn land for purposes not within the purview of the act. Nor do we agree that the determination by the board of the amount of land necessary for the purpose intended is conclusive and binding on the landowner. In the present case the resolution of the board of directors is conclusive as to the necessity to keep and maintain water tanks for the purpose stated at the point designated, but it is not conclusive as to the amount of land necessary for the use intended. The act does not fix any limitation upon the amount of land that may be taken for such purposes, and the presumption is that only so much can be appropriated as may be necessary to serve the public use. In the first instance this is a question for the railroad company, and when through its board of directors it is determined by resolution that a certain amount of land is necessary for the authorized use, a prima facie right to condemn the land so designated is made out. The railroad company must of necessity be the best judge of its own needs, but on the other hand it will not do to say that by a simple resolution of its own board of directors it may arbitrarily condemn any amount of land, as, for instance, a whole field or

farm, and that the owner thereof may not inquire into the exercise of the right by a proper proceeding in court. We therefore hold that the resolution of the board of directors as to the erection and maintenance of water tanks for the railroad purposes stated, at the point mentioned, and upon the land designated, is final and conclusive as to the necessity for such improvements and is within the purview of the act of 1869. We further hold that under said resolution a prima facie right to condemn all of the land described is made out, and that this prima facie right can only be overcome by evidence which clearly establishes the fact that the railroad company, arbitrarily and without regard to its actual needs, has undertaken to .appropriate more land than its necessities require.

The contention that the question raised on this appeal is res adjudicata cannot be sustained. The case of Wilson v. Pittsburg & Lake Erie R. R. Co., 34 Pa. Superior Ct. 575, was decided upon the facts presented in that record, and it was clearly pointed out in the opinion of the Superior Court that the court below was not under any legal obligation to approve the bond tendered where it did not affirmatively appear, either in the petition, or in the notice, or in the bond itself, that the land was to be taken for any purpose for which lands may be acquired by condemnation. It was also suggested in that case that the sufficiency of the bond may have been questioned by the court below. The record in the present case eliminates all these questions by stating the purpose for which the lands are to be taken, by including the resolution of the board of directors, and by presenting a bond deemed to be sufficient. Indeed, the proper practice in such proceedings was clearly and concisely pointed out by the learned president judge of the Superior Court in that case in the following language which we quote with approval: "Where it appears by the resolution of the board of directors of a railroad company invested with the power of eminent domain that in their opinion the land is necessary for a specific purpose for which the company may condemn land, and this resolution is made part of the petition for the approval of the bond, and the adoption thereof is duly proved or admitted, and the bond tendered after due notice is in proper form and is adequate in

amount and the sureties are sufficient, it is the duty of the court to approve the bond and admit it to be filed for the benefit of those interested." All of which applies to the case at bar on the record now presented.

The order of the court below refusing to approve the bond is reversed and set aside, the bond is directed to be approved and filed and the record is remitted with a procedendo.