# Hoffman *v.* Susquehanna River & Western Railroad Company, Appellant.

*Railroads—Eminent domain—Widening Act of March* 17, 1869, *P. L. 12—Straightening a stream.*

1. A railroad company which has exhausted its power of appropriating land for its right of way under the Act of February 19, 1849, P. L. 79, has no authority under the widening Act of March 17, 1869, P. L. 12, to condemn land near its right of way for the purpose of straightening a stream and doing away with two bridges along its right of way.

2. The widening contemplated by the act of 1869, has reference to the right of way as the physical foundation of the road and the tracks, sidings, water tanks, stations and other facilities essential to and connected immediately with the maintenance of the road. A widening for any other purpose is not authorized. The statute relating to the improvement of aqueducts does not apply to railroads.

Argued March 15, 1910. Appeal, No. 26, March T., 1910, by defendants, from decree of C. P. Perry Co., Jan. T., 1910, No. 11, on bill in equity in case of Jacob S. Hoffman *v.* Susquehanna River & Western Railroad Company and James Bell et al. Before Rice, P. J., Henderson, Orlady, Head, Beaver and Porter, JJ. Affirmed.

Bill in equity for an injunction. Before Shull, P. J.
The facts are stated in the opinion of the Superior Court.

*Error assigned* was decree awarding an injunction.

*W. H. Sponsler,* with him *James M. Barnett,* for appellants.—The injunction should not have been granted: Bigler v. Canal Co., 177 Pa. 28; Anspach v. R. R. Co., 5 Phila. 491; Lodge v. R. R. Co., 8 Phila. 345; Gas & Water Co. v. R. R. Co., 225 Pa. 152; Western N. Y. & P. Ry. Co. v. B. R. & P. Ry. Co., 193 Pa. 127; Brocket v. R. R. Co., 14 Pa. 241.

*W. N. Seibert,* of *Seibert & Seibert,* for appellee.—The injunction was proper: Snee v. R. R. Co., 210 Pa. 480; Wilson v. R. R. Co., 222 Pa. 541; Dryden v. Ry. Co.,

208 Pa. 316; Bierly v. P. & E. R. R. Co., 225 Pa. 182; Fick v. R. R. Co., 157 Pa. 622; Omaha, etc., R. R. Co. v. Brown, 14 Neb. 170 (15 N. W. Repr. 321).

OPINION BY HENDERSON, J., May 12, 1910:

The appellant operates a railroad from Duncannon to Bloomfield in Perry county. The road was constructed about twenty years ago and has been in operation for that period. The track crosses the farm of the appellee and at two points thereon about 1,500 feet apart bridges span the Little Juniata creek which describes a bend through the plaintiff's land. At a meeting of the board of directors of the defendant company held November 20, 1909, a resolution was adopted reciting that it would be for the benefit of the company that its lines at Hoffman and Roddy stations be improved by the changing of the channel or course of the Little Juniata creek to the northward side of the railroad track thus avoiding the obstruction of floods and ice at said point and condemning a strip of land through the farm of the plaintiff seventy feet wide along the north line of the defendant's right of way from the upper to the lower bridge. Having failed to agree with the owner for compensation proper for the damage likely to be caused by the taking of the land the defendant presented its petition to the court of common pleas for the appointment of viewers to assess the damages, upon which petition viewers were appointed. The plaintiff thereupon filed a bill to enjoin the defendant from taking his land. By the original definite location of the right of way the power of appropriation under the Act of February 19, 1849, P. L. 79, was exhausted. The authority for the defendant's proceeding must be found, therefore, in the Act of March 17, 1869, P. L. 12, if it exists at all. This act is to be construed in accordance with the well-established doctrine that the power of eminent domain is not to be extended beyond that which is given in plain words or by implication as a matter of necessity. Power which is not clearly granted can-

not be exercised because not having been so granted it is deemed to have been intentionally withheld: Packer v. Sunbury & Erie Railroad Co., 19 Pa. 211; Penna. R. R. Co.'s App., 93 Pa. 150; Woods v. Greensboro Nat. Gas Co., 204 Pa. 606; Dwarris on Stat. 750; Lewis on Eminent Domain, sec. 254. Unless, therefore, some one of the provisions of the act of 1869, plainly covers the appellant's case it is without right in the present undertaking. That act does not confer on railroad companies unlimited power to condemn land whenever the board of directors deems such action advantageous to the company. Such acquisition of land can only be made when one (or both) of two objects is in view: (a) the better securing of the safety of persons and property; and (b) increasing the facilities and capacity for the transportation of traffic. To promote these objects the company may appropriate land for certain purposes. These are to straighten, widen, deepen, enlarge and otherwise improve the whole or any portions of their lines of railroads and the bridges, crossings, sidings, piers and structures thereof. And it is under the authority to widen that the appellant claims the right to do the thing proposed. The position taken by the company is that it has direct authority to widen its right of way for the sole and express purpose of turning the water of the creek over the strip which it proposes to take. To give to the word, "widen," the scope contended for would, we think, expand its meaning beyond the legislative intention in its use. The widening contemplated has reference to the right of way as the physical foundation of the road and the tracks, sidings, water tanks, stations and other facilities essential to and connected immediately with the maintenance of the road. It is the "lines of railroads" which are to be improved; that is, the railroad structure and equipment. A widening for any other purpose is not authorized. The use of the terms "straighten, widen, deepen, enlarge," shows an intention to limit the right of appropriation to cases of the enlargement of the right of way for the

extension of the roadbed.  It is not pretended that there is any purpose to lay additional tracks or to provide for any increase of business, or that any expansion of business demands more room in order that the company may efficiently perform the duties imposed upon it by its charter.  Substantially the same conditions exist now which were present when the road was opened and no changes in the appliances and agencies for the conduct of the traffic are contemplated, if we except the possibility, perhaps the probability, that the two bridges will be dispensed with or reduced in length.  The proposition is to take a stream from its natural course and dig a new channel for it through the farm of the appellee.  So far as the plan is concerned it does not appear to be necessary that such channel be located immediately north of the present right of way and the improvement to the road would be the same whether the new channel be near to or remote from the appellant's property.  Considered by itself, therefore, it is no part of the physical property of the company nor in any proper sense a part of its "lines." The rule of construction of statutes giving privileges to corporations forbids that so extensive a definition as that contended for by the appellant be given to the term "widen" as used in the statute.  The argument that the action of the appellant can be sustained under the provision of the statute which provides for the improvement of aqueducts is not convincing.  The act of 1869, applied to railroad, canal and slack water navigation companies and the words employed were necessarily intended to cover the operations of the three classes of corporations.  It is manifest that in the use of the word "aqueduct" reference was had to canal or slack water navigation companies and not to railroad companies. Every pipe laid from a spring to a water tank conducts water and is, therefore, in a sense an aqueduct, but it could hardly be contended that the legislature had such a device in contemplation in enacting the statute.  No more is it intended to include an artificial channel of

a natural water course constructed to take the place of an abandoned part of the channel. The power of eminent domain is never sustained by a forced construction. The only other portion of the statute to which an appeal could be made is that part which authorizes any railroad company to "otherwise improve" its lines of railroad. These words the learned counsel for the appellant concede limit the power of the company to like or consistent improvements and if the specific improvements for which land may be condemned do not cover the defendant's case the latter provision will not aid it. It does not follow because the change which the company proposes to make would relieve it from expense or inconvenience in operating its road or tend to increase its facilities for business that such change can be called an improvement of the line within the meaning of the statute. Many collateral adjuncts of a railroad enterprise have to some degree this effect. But the power to condemn for such purposes would practically subject the property of individuals along the line of the road to the will of the directors. If then there is no statutory right the defendant is not entitled to proceed, for there is no implication in favor of the right of eminent domain unless it arises from a necessity so absolute that without it the grant itself will be defeated. It must, also, be a necessity that arises from the very nature of things, over which the corporation has no control; it must not be a necessity created by the company itself, for its own convenience or for the sake of economy: Penna. R. R. Co.'s App., 93 Pa. 150; Snee v. R. R. Co., 210 Pa. 480; Wilson v. Pittsburg, etc., R. R. Co., 222 Pa. 541. The court found on abundant evidence that it was entirely feasible to so construct or reconstruct bridges at the sites where the present bridges are as to secure the safety of persons and property and afford equal facilities for the transportation of traffic, and it cannot be seriously contended that there is any imperious necessity demanding the improvement alleged: Snee v. R. R. Co., 210 Pa. 480, referred to in the opinion

of the court, arose out of the original location of a railroad and involved the powers of the directors under the Act of February 19, 1849, P. L. 79. The attempt there was to change the course of the stream to avoid the necessity of constructing two bridges, but the statutory power was denied and it was also held that the fact that the construction of the embankments over the stream was desired by railroad engineers in preference to bridges was not a controlling consideration although such construction might be desirable. The case under consideration arises under the act of 1869, and the case cited is not a controlling authority, but the discussion of the question in the opinion of the court therein is pertinent and instructive. The same case also supports the proposition that a railroad company has not generally the right to divert the natural flow of waters of a stream but that this may be done if it be found impracticable to carry out the purpose of the corporation without changing the channel of the stream in constructing the road. To the same effect are Gould on Waters, p. 522, and Lewis on Eminent Domain, sec. 571. It is urged, however, that the power of the directors is conclusive and this is undoubtedly true when they act within the scope of their authority. A large discretion is committed to them in adopting the line of the road and in the method of its construction, and with the exercise of this discretion the law will not interfere, but it is always within the power of the court to interpret the statute and to determine what the powers of the directors are: Wilson v. Pittsburg, etc., R. R. Co., 222 Pa. 541; O'Leary v. Ry. Co., 210 Pa. 522. The appellant has not persuaded us that the court was in error in entering the decree appealed from. In view of the conclusions herein reached, it is not necessary to consider the question whether the defendant company is entitled to proceed without having first filed a bond to secure the owner of the land.

The assignments of error are overruled and the decree is affirmed at the cost of the appellants.