### Seiple Condemnation

*Jackson M. Sigmon*, for Commonwealth.

*Raymond J. DeRaymond*, for respondent.

WILLIAMS, J., December 8, 1969.—The Commonwealth of Pennsylvania by its Department of Highways filed a declaration of taking for Legislative Route 1098, Section 1R/W, a limited access highway in Northampton County. The declaration calls for a taking of approximately 31 acres of the property of Howard W. Seiple, of which 10.055 acres is to be in fee simple for a roadside rest area, with the balance of the taking an easement for highway purposes.

The condemnee has filed preliminary objections alleging that the Commonwealth is without authority to condemn for a roadside rest, since the act of assembly which authorizes the Department of Highways to acquire land and construct roadside rests[1] places a limit of $12,000 upon the cost of planning, acquisition, construction and erection of any one roadside rest. The preliminary objection further alleges that the fair market value of the land condemned for the roadside rest exceeds the amount authorized by the foregoing statute. The objections did not contain a notice to plead and no answer was filed by the Commonwealth.

Section 3 of the act, 36 PS §478.13, relating to roadside rests, provides as follows:

"The department shall have the right and the power to acquire by gift, purchase or condemnation such property in fee simple absolute or such lesser estate or interest as the Secretary of Highways determines is necessary for the construction, erection, maintenance

---

[1] Act of June 7, 1961, P. L. 257, 36 PS §478.11, et seq.

and protection from encroachment of such roadside rests. The cost of planning, acquisition, construction and erection of any one rest shall not exceed twelve thousand dollars ($12,000). The power of eminent domain, for the purpose of condemnation of such property in fee simple absolute or such lesser estate or interest as the Secretary of Highways determines is necessary, shall be exercised in the same manner as is now or may hereafter be provided by law for the condemnation of property in changing widths, lines and locations of State highways. When and if such property is acquired, it shall become part of the high-way route on which it is located or to which it is adjacent."

We note that, while the roadside rest statute has been in effect in substantially the same form for almost 25 years, this appears to be a case of first impression.

The condemnee contends that the act is invalid as a limitation upon the right of a property owner to secure just compensation and, therefore, contravenes article I, sec. 10, of the Constitution of Pennsylvania.[2] However, we need not reach that question. A statute should be construed in the light of the presumption that the legislature did not intend to violate the Constitution, and the courts will not set aside a statute unless the conclusion that it is unconstitutional is inevitable and the necessity for so declar-

---

[2] Constitution of the Commonwealth of Pennsylvania, article I, sec. 10:

"No person shall, for any indictable offense, be proceeded against criminally by information, except in cases arising in the land or naval forces, or in the militia, when in actual service, in time of war or public danger, or by leave of the court for oppression or misdemeanor in office. No person shall, for the same offense, be twice put in jeopardy of life or limb; nor shall private property be taken or applied to public use, without authority of law and without just compensation being first made or secured."

ing inescapable: 34 P.L.Encyc., Statutes, §§11, 12.

An examination of the language of the statute clearly indicates that it is intended to be a limitation upon the power of the Department of Highways to acquire and construct roadside rests rather than a limitation upon the right of a property owner to secure just compensation. This interpretation of the statute is further confirmed by an examination of its three predecessors which are nearly identical in form. Since the original Act of 1945,[3] the amount which the Department of Highways was authorized to expend in the acquisition and construction of a roadside rest increased by various amendments from $2,500 to $3,500 in 1947, to $5,500 in 1953 and to $8,000 in 1957.

The Commonwealth contends that the condemnee's objections are premature and that he should not be permitted to challenge the validity of the taking until the amount of just compensation has been finally determined in accordance with the Eminent Domain Code. While this may have been the law prior to the Eminent Domain Code of 1964,[4] that act provides that "preliminary objections shall be limited to and shall be the *exclusive* method of challenging (1) the power or right of the condemnor to appropriate the

[3] Act of May 29, 1945, P. L. 1107, 36 PS §471, et seq.

[4] Act of June 22, 1964, Special Sess., P. L. 84, art. 1, sec. 101 et seq., 26 PS §1-101 et seq. Under a prior line of cases, it was said that equity was the proper forum to consider the propriety of a condemnation proceeding and that such questions could not be raised in proceedings to establish the adequacy of just compensation: Wilson v. Pittsburgh & Lake Erie Railroad Company, 34 Pa. Superior Ct. 575. But see Gardner v. Allegheny County, 382 Pa. 88; Schwab v. Pottstown Borough, 407 Pa. 531. The difficulty inherent in the former procedure is indicated by Colove v. Robesonia Borough, 364 Pa. 626, where the court refused injunctive relief in a factual situation comparable to that of the instant case. Also see the discussion in Snitzer, Eminent Domain, §406-1.1 (Supp.).

condemned property . . . (3) any other procedure followed by the condemnor;"[5] (Italics supplied). This was confirmed by the Supreme Court in McConnell Appeal, 428 Pa. 270.

The condemnee's preliminary objection properly challenges the right of the Department of Highways to condemn under the declaration of taking as filed. While this document nominally complies with section 402(b) of the code by referring to the roadside rest statute as authority for the taking, this is insufficient where, as in the present case, the enabling statute places restrictions upon the department's exercise of that power.

If, as alleged in the condemnee's brief and not a matter of record, the Commonwealth's own estimate of just compensation for the land taken for a roadside rest exceeds the $12,000 limitation, exclusive of planning and construction costs, the Department of Highways is forbidden to proceed. In such a case, the condemnee should not be required to await the outcome of the compensation proceedings.

On the other hand, if the Commonwealth's estimate of just compensation together with its estimated or contracted costs of planning, construction and erection of the roadside rest is less than $12,000, the preliminary objections must be dismissed and the matter allowed to proceed before the board of viewers. In our opinion, neither the enabling act nor the Eminent Domain Code contemplates a collateral proceeding by which the condemnee could test or obtain a judicial determination as to the adequacy of the Commonwealth's estimate of just compensation[6] nor the validity of its cost figures. In such a case, if the compensation finally awarded the condemnee exceeded the $12,000 limitation, by itself

---

[5] Section 406, 26 PS §1-406.

[6] See the discussion of this point in Snitzer, op. cit. supra, section 402(a)6 and section 407 of the Eminent Domain Code.

or in combination with the other costs, the Commonwealth would have no alternative except to revoke the condemnation proceedings under section 408 of the code.

We hold, therefore, that in condemning land for a roadside rest, the Commonwealth is required to aver with specificity the cost of planning, acquisition, construction and erection and will enter an interim order to that effect and withhold a final ruling on the preliminary objections.

### ORDER OF COURT

And now, December 8, 1969, the Commonwealth of Pennsylvania, Department of Highways, is directed to file in these proceedings within 20 days from the date of this order its declaration of estimated just compensation for the tract of 10.055 acres, the property of Howard W. Seiple, condemned in fee simple for purposes of a roadside rest, together with a statement of the estimated or contracted cost of planning, construction and erection of said roadside rest.